**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JENNIFER MANNING**

      **Plaintiff,**

**v.**                                                             **Case No.:  8:13-cv-3060-T-33MAP**

**ST. PETERSBURG KENNEL CLUB, INC.**
**d/b/a DERBY LANE, A Florida Corporation,**

      **Defendant.**

_____/

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant, ST. PETERSBURG KENNEL CLUB, INC. d/b/a DERBY LANE ("Derby Lane"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Complaint for failure to state a claim under the Fair Labor Standards Act ("FLSA").

**I.      SUMMARY**

Plaintiff's threadbare Complaint contains only labels and legal conclusions, and therefore fails to meet the Supreme Court's strict standard to state a claim in federal court.  (See Complaint ¶¶ 9-12).  Plaintiff fails to allege *any* specific facts that, if deemed true, could state a claim under the FLSA.  Instead, Plaintiff jumps directly to the unsupported legal conclusion that Derby Lane's poker room cashiers are somehow *not* "tipped" employees under the FLSA, and conveniently ignores the known facts.

By adopting the tactic of not addressing how Derby Lane's poker room actually operates, Plaintiff attempts to sidestep (with fingers crossed) the inconvenient and undisputed fact that cashiers at Derby Lane customarily and regularly receive more than $30.00 per month in direct tips from customers, independent of any tips earned from the tip pool funded by poker dealers.

Thus, cashiers qualify as tipped employees under the FLSA as a matter of law, and Plaintiff's legal theory fails as a matter of law.

While Plaintiff may seek leave to amend her FLSA claim, any attempted amendment will ultimately be futile and should be denied.  As a preliminary matter, Plaintiff's allegation that Derby Lane's poker room floor supervisors participate in and therefore invalidate the tip pool is mistaken. Floor supervisors do not participate in the tip pool at any time relevant to this case and Derby Lane has advised Plaintiff's counsel of this pleading error.  Derby Lane does not expect this mistaken allegation to be repeated if Plaintiff is allowed to attempt an amendment.

Plaintiff's remaining legal conclusion – that tipped cashiers are somehow not tipped employees under the FLSA – is unsupported by any alleged factual detail, contradicts the known facts, and fails to state a claim under the FLSA.  Under the strict requirements of Federal Rules of Civil Procedure 8 and 11, Plaintiff should not be able to allege in good faith any facts to establish that Derby Lane's tipped poker room cashiers are *not* tipped employees under the FLSA.  This would amount to the pleading equivalent of alleging that a duck is not a duck.  If Plaintiff seeks leave to go out on a limb to attempt such a pleading feat by amendment, she should be required to specifically allege exactly how employees who independently receive sufficient direct customer tips and perform direct customer service functions are *not* "tipped" employees under the FLSA.  Derby Lane contends that such an effort will be futile.

Plaintiff knows or should know that her legal theory is futile based on her experience working as a poker dealer for more than a year.  Plaintiff should know that Derby Lane's cashiers customarily and regularly receive direct tips from customers that far exceed the FLSA's $30.00 per month minimum.  As tipped employees in their own right, the cashiers are properly

2

included in the tip pool as a matter of law precisely because they do not rely on any tips from the tip pool to qualify as "tipped employees."

Plaintiff also knows that cashiers directly perform important customer service functions to allow the conduct of live action poker games and tournaments.  Cashiers, poker dealers, and brushes[1] act as an integrated team to deliver the poker playing experience to customers in real time with multiple games occurring simultaneously.  Each occupation works directly in the poker room, is directly accessible to and in view of the playing customers, has direct interaction with the customers, and directly enables the customers to play poker games.  Without each position performing its respective customer service functions, Derby Lane literally could not offer live action poker games and meet the regulatory requirements to conduct the games.[2]

Accordingly, because cashiers are tipped employees under the FLSA as a matter of law, any attempted amendment by Plaintiff to allege otherwise will be futile and should be denied.

## II.   LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *See Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252, at *9-10 (M.D. Fla. June 6, 2012) (J. Kovachevich) (citing *Conky v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual

---

[1] Brushes, like poker dealers and cashiers, are also a tipped occupation under the FLSA and participate in the tip pool at Derby Lane's poker room.  Plaintiff is not challenging the brush's participation in the tip pool because the known facts do not allow her to, just like they do not allow her to challenge the cashiers' status as tipped employees.

[2] Derby Lane's live action poker is closely regulated by the State of Florida, which requires, *inter alia*, that cashiers, poker dealers, and brushes obtain a license.  Florida Statutes, §849.086(6).

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555).

Therefore, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal"). In considering a motion to dismiss, courts follow a simple, two-pronged approach: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679-680). In sum, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678.

## III.   ARGUMENT

### A.   The FLSA Authorizes The Tip Credit Minimum Wage And Tip Pools

Plaintiff's Complaint alleges that Derby Lane violated the FLSA by paying her a "tip credit" minimum wage. Specifically, Plaintiff asserts that Derby Lane was not allowed to take the tip credit because Plaintiff was part of an invalid tip pool because the cashiers participated in the tip pool. Derby Lane does not dispute that it claimed the tip credit for Plaintiff as a tipped

poker dealer, and maintained a tip pool funded by contributions from poker dealer tips and distributed to cashiers (and brushes).

The FLSA's tip credit provision allows an employer to pay its "tipped employees" less than the federal minimum wage. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.50. An employer can only take advantage of the FLSA's tip credit provisions with respect to a "tipped employee," including tipped employees that participate in a valid tip pool. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.50, 531.54. Only tipped employees can participate in a tip pool. *See* 29. U.S.C. 203(f); *see also* 29 C.R.F. § 531.54; *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009).

A "tipped employee" is defined as an employee who is "engaged in an occupation in which he or she customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Thus, where a group of employees customarily and regularly receive tips directly from customers in excess of $30 a month, the employees are "tipped employees" under the FLSA as a matter of law. *See Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301 (6th Cir. 1998) ("Thus, if a tip-pool participating employee fulfills the subsection 203(t) requirements [(*i.e.*, engaged in an occupation in which she customarily and regularly receives more than $30 a month in tips)], she necessarily fulfills the subsection 203(m) requirements as well.").

However, in some cases, but not the instant case, there may be a factual dispute as to whether a group of employees would customarily and regularly receive more than $30 a month in tips if those employees were not included in the tip pool. When such a factual dispute arises, then courts will look at certain non-statutory factors to determine whether the group of employees can properly be included as tipped employees. These non-statutory factors include, for example, the extent of those employees' customer interaction and job duties. *See Rubio v.*

*Fuji Sushi & Teppani, Inc.*, 6:11-CV-1753-ORL-37, 2013 WL 230216 (M.D. Fla. Jan. 22, 2013) (citations omitted); *see also Frebes v. Mask Restaurants, LLC*, 13-C-3473, 2013 WL 5290051 at 3 (N.D. Ill. Sept. 18, 2013).

The non-statutory factors, however, are completely immaterial unless there is a good faith factual dispute as to whether the group of employees at issue customarily and regularly receives more than $30 a month in tips independently of a tip pool. *See Roussell v. Brinker Int'l, Inc.*, CIV-A-H-05-3733, 2008 WL 2714079 (S.D. Tex. July 9, 2008) (highlighting that the Sixth Circuit, in *Kilgore*, did not have to determine whether the employees at issue were properly included in a tip pool under 29 U.S.C. § 203(m), which involves an analysis of non-statutory factors, because the employees independently satisfied the definition of a tipped employee under 29 U.S.C. § 203(t)). There is no such dispute in the instant case and Plaintiff knows this.

Therefore, to survive a motion to dismiss Plaintiff must allege in conformance with Rule 11 that (i) cashiers did not regularly and customarily receive more than $30 a month in tips directly from customers, independent of the tip pool (which Plaintiff cannot do), and (ii) sufficient factual details relating to the non-statutory factors to make a plausible inference that the cashiers were improperly included as tipped employees. Plaintiff is unable to make these allegations and therefore her claim fails and should be dismissed.

### B.    Plaintiff Failed to Plead Sufficient Factual Allegations

Paragraph 11 of the Compliant contains the only alleged wrongdoing upon which Plaintiff seeks relief. Paragraph 11 reads:

> The Defendant however failed to comply with the "tip-credit" requirements pursuant to the FLSA by, inter alia, including floor supervisors and cashiers as 'tipped' employees that received portions of the tips of the Plaintiff and others similar situated.

The pertinent allegations in Paragraph 11 are that Derby Lane's cashiers were improperly included as "tipped employees" in Defendant's tip pool.  In reaching this bare legal conclusion, Plaintiff fails to provide any *factual* allegations as to <u>why</u> these employees should not have been included as tipped employees.

To survive a motion to dismiss under the *Iqbal* standard and be entitled to conduct discovery, Plaintiff is required to allege facts that make it plausible (accepting her allegations as true) to conclude cashiers were improperly included as tipped employees.  At present, Plaintiff has done no more than rely on the job titles of floor supervisors and cashiers.  Those job titles, however, provide no information about the underlying facts to make a plausible inference that Defendant's cashiers were improperly included as tipped employees.

The defective pleadings in this case is the same as in *Frebes v. Mask Restaurants, LLC*, 13-C -473, 2013 WL 5290051 (N.D. Ill. Sept. 18, 2013).  In *Frebes*, the plaintiffs, servers at a restaurant, alleged the defendant restaurant improperly included food runners in a tip pool in violation of the FLSA tip credit provisions.  The restaurant moved to dismiss under FRCP 12(b)(6) on the basis that the complaint baldly asserted that the food-runners were improperly included as tipped employees without alleging any factual basis for that conclusion.  The court agreed and stated, in pertinent part:

> [W]e conclude that more detail is necessary for Plaintiffs to adequately allege that food runners are non-tipped employees. At present, Plaintiffs' claims rest solely on the job title of the food runners-but that job title tells us nothing about the underlying facts. Plaintiffs have not alleged, for example, what food runners do at Tavern at the Park, including their specific job duties, how much time they spend on each duty, whether and how often they interact with customers, and how they are paid. Plaintiffs have not described how the tip pooling arrangement was formed, or how it operated with respect to tipped employees or food runners. The complaint thus lacks sufficient factual content from which we could draw the reasonable inference that Defendants have engaged in the misconduct alleged.

*Frebes*, 13-C-3473, 2013 WL 5290051 at *3.

7

Just like the insufficient allegations in *Frebes*, Plaintiff relies only on job titles. For Plaintiff to avoid a motion to dismiss with respect to her claim, the Complaint must offer some factual detail to establish that tipped employees like cashiers, who meet the FLSA's definition of "tipped" employees are, in fact, not really tipped employees under the FLSA.

Accordingly, the Court should dismiss Plaintiff's Complaint for failure to state a claim under the FLSA.

### C.  Any Attempted Amendment Will Be Futile

For the reasons stated above, any attempted amendment by Plaintiff will ultimately futile since Plaintiff cannot allege in good faith the requisite facts necessary to state a claim under the FLSA. Leave to amend is justified as futile when the complaint as amended is still subject to dismissal. *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir.2004); *accord Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1255 (11th Cir.2008) ("[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim).

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim, and deny leave to amend as futile. Should the Court permit Plaintiff to attempt to amend her FLSA claim, any attempted amendment should be conditioned on Plaintiff setting forth specific factual allegations with sufficient detail necessary to state a claim under the FLSA, including addressing the status of cashiers as tipped employees under the FLSA based on the tips they customarily and regularly receive from customers independent of the tip pool.

Respectfully submitted,

*/s/ Kevin D. Zwetsch*
Kevin D. Zwetsch
Florida Bar No.:0962260
William J. Cantrell
Florida Bar No.: 103254
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
Tel.: (813) 289-1247
Fax: (813) 289-6530
kevin.zwetsch@ogletreedeakins.com
william.cantrell@ogletreedeakins.com
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 13, 2014, I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system which will send a notice of electronic filing to the following:  Christopher Whitelock, Esq. (cjwhitelock@bellsouth.net), Whitelock & Associates, P.A., 300 Southeast Thirteenth Street, Fort Lauderdale, FL 33316 and Chad E. Levy, Esq. (chad@levylaw.com), Levy & Levy, P.A., 300 Southeast Thirteenth Street, Fort Lauderdale, FL 33316.

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

*/s/ Kevin D. Zwetsch*
Attorney

16833314.1

9