UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MANNING,

    Plaintiff,

v.                          Case No. 8:13-cv-3060-T-33MAP

ST. PETERSBURG KENNEL
CLUB, INC., d/b/a DERBY LANE,
a Florida Corporation,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant St. Petersburg Kennel Club, Inc., doing business as Derby Lane's Motion to Dismiss (Doc. # 7), filed on January 13, 2014. On January 27, 2014, Plaintiff Jennifer Manning filed a response in opposition to the Motion. (Doc. # 12). For the reasons stated below, the Court denies the Motion.

**I.  Background**

Manning initiated this action against Derby Lane, on behalf of herself and all others similarly situated, to recover compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. (Doc. # 1). According to the Complaint, Manning was hired as a non-exempt employee, specifically a poker dealer, by Derby

Lane in December of 2011. (Id. at ¶¶ 7-8). During her employment, and that of those similarly situated, Derby Lane "claimed a 'tip-credit' for [Manning] and others similarly situated, and paid [these] employees below the statutorily required minimum wage under the FLSA." (Id. at ¶ 9).

According to Manning, in order for Derby Lane to claim the "tip-credit," Manning and the other similarly situated employees must have been informed of the provisions of the "tip-credit" and all tips received by these employees "must be absolutely retained by [these employees], or pooled with, other 'tipped' employees." (Id. at ¶ 10). However, the Complaint provides that Derby Lane failed to comply with the "tip-credit" requirements set forth by the FLSA. (Id. at ¶ 11). Thus, Manning alleges that Derby Lane is precluded from claiming a "tip-credit" for Manning and others similarly situated. (Id. at ¶ 12).

As a result, Derby Lane is "required to compensate [Manning] and others similarly situated with the full minimum wage for all hours worked." (Id. at ¶ 13). However, according to Manning, Derby Lane has "willfully refused to properly compensate [Manning], and others similarly situated, for the full minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed, despite the fact

2

that [Derby Lane] failed to comply with the 'tip-credit' requirements under the FLSA." (Id. at ¶ 14).

Manning initiated this action on December 4, 2013. See (Doc. # 1). Thereafter on January 13, 2014, Derby Lane filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 7). Manning filed a response in opposition to the Motion on January 27, 2014. (Doc. # 12). This Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

>recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

Derby Lane submits that dismissal of the Complaint is warranted because Manning fails to "allege any specific facts that, if deemed true, could state a claim under the FLSA." (Doc. # 7 at 1). Instead, according to Derby Lane, the Complaint contains only labels and legal conclusions, namely that "Derby Lane's poker room cashiers are somehow not 'tipped' employees under the FLSA. . . ." (Id.).

4

In the Complaint, Manning's FLSA claim rests on the contention that Derby Lane was not allowed to claim a "tip-credit" as it failed to comply with the "tip-credit" requirements of the FLSA. (Doc. # 1 at ¶ 12). Specifically, Derby Lane included "floor supervisors and cashiers as 'tipped' employees" and allowed them to receive portions of tips belonging to Manning and others similarly situated. (Id. at ¶ 11). Therefore, Manning submits that Derby Lane was required to compensate Manning and others similarly situated with the full minimum wage for all hours worked, which Manning claimed it did not. (Id. at ¶¶ 13-14).

Under the FLSA, an employer must pay its employee a minimum wage. See 29 U.S.C. § 206(a). That wage may include the employee's tips. See id. at § 203(m). That is, an employer may pay an employee a cash wage below the minimum wage, so long as the employer supplements the difference with the employee's tips – referred to as an employer taking a "tip credit." See id. The employer may only take a "tip credit" toward the minimum wage if the employer informs the employee of the FLSA's tip provisions. Id. Additionally, if an employee receives tips pursuant to a tip pooling system, the tip pool may only include customarily tipped employees. Id.; see Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1347-48 (S.D.

5

Fla. 2008) aff'd, 302 F. App'x 905 (11th Cir. 2008)(setting forth the requirements that must be met to satisfy the "tip-credit" in 29 U.S.C. § 203(m)). The FLSA defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." See 29 U.S.C. § 203(t).

    The Court acknowledges Derby Lane's argument that, in order to prevail on her FLSA claim, Manning must establish "(i) cashiers did not regularly and customarily receive more than $30 a month in tips directly from customers, independent of the tip pool . . ., and (ii) sufficient factual details relating to the non-statutory factors to make a plausible inference that the cashiers were improperly included as tipped employees." (Doc. # 7 at 6). However, the Court notes that to survive the present Motion, Manning need not prove any element of her claim against Derby Lane, but instead need only satisfy the meager pleading standard of Fed. R. Civ. P. 8(a), as described above. This standard is liberal, not "strict" as Derby Lane suggests throughout its Motion. (Id. at 1-2). To satisfy Rule 8(a), the Complaint must specify allegations in a manner that provides Derby Lane with fair notice of Manning's FLSA claim and the grounds upon which it rests. See Erickson v. Pardu, 551 U.S. 89, 93 (2007).

As Derby Lane has used the present Motion as a vehicle to express numerous defenses to Manning's FLSA claim, this Court finds that the allegations contained in the Complaint provide fair notice to Derby Lane of the FLSA claim brought against it. See Souder v. Premier Auto. on Atl., LLC, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *4 (M.D. Fla. Mar. 13, 2009)("While [a] more specific pleading would have been better, [plaintiff] has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence that he is owed compensation for work he performed while employed by defendants; he adequately sets forth a claim and gives defendant fair notice of the basis for his claims.").

Therefore, as the Court finds Manning's allegations are sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level, as is required at this juncture of the proceedings, the Court denies Derby Lane's Motion. See Steiner-Out v. Lone Palm Golf Club, LLC, No. 8:10-cv-2248-T-24TBM, 2010 WL 4366299, at *3 (M.D. Fla. Oct. 28, 2010)(finding that the plaintiffs sufficiently pled a violation of the FLSA's minimum wage and overtime provision to survive a motion to dismiss).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant St. Petersburg Kennel Club, Inc. d/b/a Derby Lane's Motion to Dismiss (Doc. # 7) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record