UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MANNING,

      Plaintiff,

v.                                       Case No: 8:13-cv-3060-T-36MAP

ST. PETERSBURG KENNEL CLUB, INC.,

      Defendant.

_____/

## <u>ORDER</u>

This cause comes before the Court on Defendant St. Petersburg Kennel Club, Inc., d/b/a Derby Lane's ("Derby Lane") Motion for Limited Sanctions (Doc. 70). Plaintiff Jennifer Manning responded in opposition to the Motion (Doc. 73). The Court, having considered the parties' submissions and being fully advised in the premises, will now DENY Derby Lane's Motion.

## I.      BACKGROUND

The underlying dispute concerns the applicability of the minimum wage requirement of the Fair Labor and Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Manning was employed as a poker dealer at Derby Lane's commercial poker room in St. Petersburg, Florida. Under its policies, Derby Lane considered Manning to be a "tipped employee," and accordingly paid her less than the minimum wage. Derby Lane also required Manning to contribute ten percent of her tips to a tip pool that included cashiers and brushes. Manning argued that the tip pool was illegal because it included non-tipped employees—namely, cashiers—and that she was therefore entitled to receive minimum wage. After the close of discovery, Derby Lane filed a motion for summary judgment, arguing that its cashiers were tipped employees as a matter of law. The Court agreed, and granted judgment in favor of Derby Lane.

Derby Lane now argues that Manning's action was frivolous, in bad faith, and without evidentiary support, and seeks limited sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. §1927, and the Court's inherent authority.

## II.    DISCUSSION

### A.    Rule 11 Sanctions

Rule 11 provides that an attorney who submits a pleading to the court certifies that the "pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998) (quoting Fed. R. Civ. P. 11(b)). Any person who violates Rule 11 may be sanctioned by the court. *See* Fed. R. Civ. P. 11(c). To determine whether Rule 11 sanctions are warranted, a court asks "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Alderman*, 158 F.3d at 524. Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith for an improper purpose. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).

Derby Lane argues that Rule 11 sanctions are warranted for two reasons: first, Manning had no legal or factual basis to claim that Derby Lane's cashiers were not "tipped employees"; and second, Manning's attorneys knew this claim was unwarranted by their position in prior litigation that poker room cashiers *were* in fact "tipped employees."

The Court finds Derby Lane's arguments to be unpersuasive. First, the Court disagrees that Manning's complaint was objectively frivolous. Manning's action hinged on the legal theory that the level of customer interaction was an important factor in determining whether an employee

2

was a "tipped employee."  Although the Court ultimately rejected her theory, persuasive case law arguably supported it during the pendency of the litigation.  *See Wacjman v. Investment Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1359-60 (S.D. Fla. 2009) (finding that an employee's level of customer interaction is important when determining whether an employee is a "tipped employee" under the FLSA); *Stewart v. CUS Nashville, LLC*, Case No: 11-cv-342, 2013 WL 456482, at *7-8 (M.D. Tenn. Feb. 6, 2013) (denying the parties' motions for summary judgment as to whether security guards who occasionally received tips were "tipped employees," because there was a genuine dispute as to the security guards' level of customer service interactions); *see also Porter v. West Side Restaurant, LLC*, Case No. 13-cv-1112, 2014 WL 1642152 (D. Kan. Apr. 24, 2014); *Arango v. Landry's, Inc.*, Case No. 12-cv-9354, 2013 WL 3671704 (N.D. Ill. July 12, 2013).  In other words, Manning's legal theory was not improper under Rule 11 because it was, at the very least, an arguable extension of existing case law.

Second, the Court disagrees that sanctions are warranted due to Manning's attorneys' position in *Wacjman* that poker room cashiers were "tipped employees."  As the Court has already noted, the relevant inquiry here was whether *Derby Lane's* cashiers were eligible to participate in tip pooling—not whether cashiers in general, or even cashiers who worked in other casinos, were eligible to participate in tip pooling.  *See* Doc. 68 at 6 and n. 2.

Accordingly, the Court declines to sanction Manning or her attorneys under Rule 11.

**B.      28 U.S.C. § 1927 Sanctions**

28 U.S.C. § 1927 authorizes a court to impose sanctions when an attorney engages in unreasonable and vexatious conduct that multiplies the proceedings.  *See McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir. 2001).  "The statute was designed to sanction attorneys 'who willfully abuse the judicial process by conduct tantamount to bad faith.'"  *Schwartz v. Millon Air, Inc.,* 341

F.3d 1220, 1225 (11th Cir. 2003) (citation omitted).  "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Id.*

Derby Lane argues that Section 1927 sanctions are warranted for two reasons: first, Manning's attorneys continued to litigate the case despite Derby Lane advising them early in the proceedings that its cashiers qualified as "tipped employees"; and second, Manning and her attorneys attempted to add an additional claim in their response to Derby Lane's summary judgment motion without leave of the Court.

Derby Lane's arguments are unpersuasive.  As to its first argument, Derby Lane relies on *O'Rear v. Am. Family Life Assur. Co. of Columbus, Inc.*, 144 F.R.D. 410 (M.D. Fla. 1992), and *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378 (S.D. Fla. 2008) ("*Murray II*").  However, neither case is analogous.

In *O'Rear*, the plaintiff asserted three counts in his original complaint.  *See* 144 F.R.D. at 412.  After the defendant moved to dismiss the complaint, the plaintiff's counsel conceded that two of the counts were deficient and moved for leave to amend, only to then reassert the same counts without making any substantial changes.  *See id.*  The defendant again moved to dismiss. *See id.*  The plaintiff's counsel again moved for leave to amend, but then filed a second amended complaint without leave of the court, naming additional defendants and asserting nine counts.  *See id.*  Three of the counts in the second amended complaint were the same as the three original counts.  *See id.*  The defendants once again moved to dismiss, and in response, the plaintiff's counsel once again moved for leave to amend.  *See id.*  The court allowed the plaintiff's counsel to file a third amended complaint, but conditioned amendment on the plaintiff's counsel first paying costs and attorney's fees pursuant to 28 U.S.C. § 1927.  *See id.*  In imposing sanctions, the

court found that the plaintiff's counsel's behavior was "objectively in bad faith, as well as vexatious," because he had unreasonably multiplied the proceedings by repeatedly realleging the same deficient claims in various pleadings. *Id.* at 413-414.

In *Murray,* the plaintiff commenced an action for failure to provide overtime compensation and failure to pay regular wages. *See Murray v. Playmaker Servs., LLC,* 512 F. Supp. 2d 1273, 1275 (S.D. Fla. 2007) ("*Murray I*"). The defendant argued that the plaintiff was an independent contractor as a matter of law, and therefore was not entitled to overtime compensation or regular wages under the FLSA. *See id.* at 1276. The court agreed with the defendant, and found not only that the plaintiff was an independent contractor as a matter of law, but "that this was the strongest case showing independent contractor status ever brought before it and that the case was accordingly frivolous." *Murray II* at 1381. The court further noted that the plaintiff's counsel was experienced in litigating such disputes and should have had the legal knowledge to realize that her client's claim was without merit. *See id.* at 1383. The court thus sanctioned the plaintiff's counsel under 28 U.S.C. § 1927, because, instead of advising her client to voluntarily dismiss the case, she continued to prosecute the case even after discovery revealed no evidence that would support her claim. *See id.*

This case is unlike *O'Rear* and *Murray*. Indeed, Manning and her attorneys never repeatedly realleged the same counts, improperly included new defendants, or improperly multiplied the proceedings. Further, this was a case of first impression—at the onset of this litigation, no court had definitively decided whether an employee with job duties similar to those of a Derby Lane poker room cashier qualified as a "tipped employee." And, as discussed above, Manning's legal theory was not objectively frivolous. *See* Section II.A, *supra*.

The Court also rejects Derby Lane's second argument.  Although it is true that Manning and her attorneys improperly tacked on an additional theory for recovery in their response to Derby Lane's motion for summary judgment, Derby Lane has not shown how this obstructed the proceedings or otherwise amounted to bad faith.

Accordingly, the Court will deny Derby Lane's request for Section 1927 sanctions.

### C.        Sanctions Under the Court's Inherent Authority

The default rule in federal courts is that prevailing litigants cannot recover attorneys' fees. *See Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1507 (11th Cir. 1985).  However, a court has the inherent power to assess attorneys' fees upon a finding that the losing party acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *See Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 257-260 (1975).

Derby Lane requests attorneys' fees under the Court's inherent authority to sanction, but fails to offer any specific reason why this Court should do so.  Instead, Derby Lane simply states, in a conclusory manner, that "the Court should find that [Manning and her attorneys] acted in bad faith, vexatiously, wantonly, and for oppressive reasons." Doc. 70 at 14.  As discussed above, however, the Court disagrees with Derby Lane's characterization of Manning's action or her attorneys' conduct.  *See* Sections II.A and II.B, *supra.*  Accordingly, the Court declines to sanction Manning or her attorneys pursuant to its inherent authority.

III.    **CONCLUSION**

A close reading of the record reveals that nothing in the prosecution of this action warrants

the imposition of sanctions.  Accordingly, it is hereby **ORDERED:**

1.     Defendant's Motion for Limited Sanctions (Doc. 70) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 29, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any